T. S. COOGLER, APPELLANT, VS. ANDERSON MAYO, ADMIN-
ISTRATOR, &C., OF EDRINGTON, APPELLEE.

1. A bill by a creditor filed for the purpose of subjecting lands to
   levy and sale on execution, it being alleged that the debtor had
   a good legal title by deed and by adverse possession but that the
   title deed had been lost and the record thereof destroyed by fire,
   against a grantee of the heirs of a former owner, who claims ti-
   tle, shows no ground of equity jurisdiction, as the whole matter
   is cognizable in a court of law.

2. Without some supervening equity a court of chancery has no ju-
   risdiction to try a mere question of legal title.

Appeal from the Circuit Court for Hernando county.

The facts of the case are stated in the opinion.

*Geo. P. Raney* and *T. S. Coogler* for Appellant.

*Wall & Sparkman* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court:

Mayo, as administrator of Edrington's estate, filed a bill
in the nature of a creditor's bill against appellant, sole defend-
ant, alleging that complainant in 1870 obtained a judgment
in the Circuit Court of Hernando, against Matilda H. May,
upon which judgment execution was issued and returned
*nulla bona;* that in 1858 said Matilda purchased from
John L. May, a tract of land in the county, paid him for it
and received from him a deed of conveyance in fee simple,
which deed was duly recorded in the county records; that
the deed has been lost or destroyed, and in 1877 the records
were destroyed by fire. That Matilda entered into pos-
session at the time of the purchase and continued in posses-
sion until her death in 1876. John L. May, her grantor,

died in 1858, and his heirs made no claim to the land until February, 1882, when Matilda E. Barnes, the sole surviving heir of John L. May, conveyed the land to Coogler, against whom this bill is filed. That Coogler purchased with full notice that the land belonged to the estate of Matilda H. May, and that the said judgment was a lien upon the land. Coogler is now endeavoring to sell the land as his own property " to the great and manifest wrong and injury of your orator as a judgment creditor " of Matilda H. May.

Prays that an account may be taken of the amount due on the judgment, and that he may have an alias execution; that Coogler may be declared a trustee for the use of the judgment creditor, and that the land in question may be sold under such alias execution.

After answer and replication a large amount of testimony was taken and the Chancellor decreed that the legal title of the land was in Matilda H. May; that the judgment was a lien, and that complainant have an alias execution against the legal representatives of Matilda, when ascertained. From this decree Coogler appeals.

The testimony relates entirely to the question of the legal title of Mrs. Matilda H. May, that being the only question in issue. Neither the allegations of the bill nor the facts disclosed in the testimony show any ground for equitable cognizance.

If the allegations of the bill are correct, that complainant had a judgment against the legal owner of the land which is a lien upon it, he does not want the aid of a court of equity, so far as we can discover, to obtain execution and sell the land. The judgment debtor having died it may be necessary to revive the judgment by proper proceedings before going further, (Freeman on Executions, §§85, 87,) as

there must be a party against whom the writ may be issued.

There is no such discovery sought by this bill as gives equity jurisdiction. The estate of Mrs. May was purely a legal title, whether derived by deed or by adverse possession or the statute of limitations.

The conveyance by the heirs of John L. May to this defendant, who claims title by such conveyance, does not confer a title if May had conveyed to the judgment debtor by deed duly recorded as alleged, or of which defendant had notice.

The loss or destruction of the deed or of the record of the deed does not change the character of the estate, or the remedies or rights of claimants or creditors.

The only question presented by the bill is whether the legal title to the land was in Matilda H. May, and is now in her heirs, or in the defendant, a simple question of legal title to land, without any supervening equity, for the adjudication of which title a court of law only has cognizance. This court, therefore, if proper parties were before it, could not affirm the decree without assuming equity jurisdiction which is not apparent.

The decree is reversed and the bill must be dismissed.